UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DAVID R. MYRLAND,

                Petitioner,

  v.

PIONEER FELLOWSHIP HOUSE, *et al*.,

                Respondents.

Case No. C13-1680-MJP-JPD

REPORT AND RECOMMENDATION

      On September 16, 2013, petitioner David Myrland submitted to this Court for filing a proposed petition for writ of habeas corpus. (*See* Dkt. 1.) The petition was prepared by a "next friend," Christopher Chapman, who indicated in the petition that petitioner had asked him to file the action because petitioner had no access to a computer or typewriter, and no access to envelopes, postage, or a printer. (*See id*. at 5-6.)

      The Clerk opened the instant action and, on September 18, 2013, sent petitioner a letter advising him of his case number and judge assignment. (Dkt. 3.) On October 1, 2013, the Clerk's letter, which was mailed to petitioner at his address of record, the Pioneer Fellowship

REPORT AND RECOMMENDATION
PAGE - 1

House in Seattle, Washington, was returned by the post office with a notation indicating that the addressee was not known and that the mail could not be forwarded. (Dkt. 6.) To date, petitioner has not provided the Court with a new address.

Subsequent to the Clerk directing the letter to petitioner at his address of record, petitioner's purported "next friend," Mr. Chapman, submitted additional documents to the Court on petitioner's behalf and, for the first time, provided his own address. However, the Court declines to recognize Mr. Chapman's address as petitioner's address of record because Mr. Chapman lacks standing to proceed on petitioner's behalf.

Under Article III of the United States Constitution, a federal court cannot consider the merits of a legal claim unless the person seeking to invoke the jurisdiction of the court establishes that he has standing to sue. *Vargas v. Lambert*, 159 F.3d 1161, 1166 (9th Cir. 1998)(citing *Whitmore v. Arkansas*, 495 U.S. 149, 154 (1990)). In *Whitmore*, the Supreme Court recognized that a habeas petitioner may demonstrate standing as a "next friend" of the real party in interest. *Whitmore*, 495 U.S. at 1726-27. However, a petitioner seeking "next friend" standing must, at a minimum, demonstrate that (1) the real party in interest cannot appear on his own behalf to prosecute the action because of his inaccessibility, mental incompetence, or other disability, and (2) the "next friend" is truly dedicated to the best interests of the person on whose behalf she seeks to litigate. *Whitmore*, 495 U.S. at 1727. Nothing in the record at this time demonstrates that the real party in interest, David Myrland, lacks the ability to appear on his own behalf to prosecute this action.

Because Mr. Chapman lacks standing to proceed on petitioner's behalf, and because over sixty days have passed since mail directed to petitioner at his address of record was

REPORT AND RECOMMENDATION
PAGE - 2

returned by the post office without petitioner having notified the Court of his current address, this action should be dismissed, without prejudice, for failure to prosecute pursuant to LCR 41(b)(2). A proposed order accompanies this Report and Recommendation.

DATED this 15th day of January, 2014.

*James P. Donohue*

JAMES P. DONOHUE
United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE - 3